UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| FIGEL G. RHEA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) Nos. | 2:06-CR-33-JRG-1 |
| | ) | 2:16-CV-244-JRG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 79, 84]. Petitioner bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States filed two responses in opposition, the first on August 12, 2016 [Doc. 83], and the second on January 17, 2017 [Doc. 90]. Petitioner filed a reply to the latter response on February 17, 2017 [Doc. 91]. For the reasons that follow, Petitioner's successive § 2255 petition will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

In 2006, Petitioner pled guilty to possessing ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1) [Docs. 41, 42, 51]. Based on five prior North Carolina convictions for breaking and entering, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory minimum [Presentence Investigation Report (PSR) ¶¶ 28, 38–42]. In accordance with that designation, this Court

sentenced Petitioner to 180 months' imprisonment on March 1, 2007 [Doc. 51]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence [Doc. 63]. Petitioner did not seek a writ of certiorari.

On July 8, 2008, Petitioner filed a motion to vacate, correct, or set aside his sentence under § 2255 [Docs. 65, 66]. This Court denied and dismissed that petition on the merits on October 19, 2010 [Docs. 71, 72]. The Supreme Court issued the *Johnson* decision on June 26, 2015, and Petitioner asked the Sixth Circuit for leave to file a successive petition. On June 27, 2016, Petitioner filed the instant authorized petition based on the *Johnson* decision [Docs. 79, 88].

## II.  PETITION FOR COLLATERAL RELIEF

### A.  Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B.  Analysis

The petition contains a single ground for collateral relief: the *Johnson* decision removed North Carolina breaking and entering from § 924(e)'s definition of "violent felony" and that, without those convictions, Petitioner no longer has sufficient predicates for enhancement.

1. **Propriety of Armed Career Criminal Designation**

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*.

The offenses used to designate Petitioner an armed career criminal were North Carolina convictions for breaking and entering. Thus, the validity of his sentence depends on whether North Carolina breaking and entering remains a "violent felony" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual

3

clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016).

At all relevant times, North Carolina defined the crime as follows:

(a) Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.

(a1) Any person who breaks and enters any building with intent to terrorize or injure an occupant of the building is guilty of a Class H felony.

(b) Any person who wrongfully breaks and enters any building is guilty of a Class 1 misdemeanor.

(c) As used in this section, "building" shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property.

N.C. Gen. Stat. Ann. § 14-54. Despite broad language that includes the "entry of any building," the North Carolina Supreme Court has stated that "entry with consent of the owner of a building, or anyone empowered to give effective consent to entry, cannot be the basis of a conviction under [North Carolina General Statute §] 14-54." *State v. Boone*, 256 S.E.2d 683, 687 (N.C. 1979).

To determine whether a particular offense qualifies as a violent felony under § 924(e), courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which courts look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283 (internal quotations omitted). If violation of the statute invariably involves the use, attempted use, or threatened use of violent force or falls within the generic definitions of burglary, arson, or extortion, then the conviction categorically qualifies as a violent felony and the courts' task is complete. It is only

4

when the statute criminalizes conduct in excess of that covered by the use-of-physical-force and enumerated-offense clauses that courts must determine whether the statute is divisible or indivisible. A divisible statute is one that comprises multiple, alternative versions of the crime. *Id.* at 2281. When faced with a divisible statute, courts resort to the "modified categorical approach," consulting "a limited class of documents, such as indictments and jury instructions, to determine which alternative [set of elements] formed the basis of the defendant's prior conviction." *Id.* An indivisible statute is one that contains a single crime, set of elements. *Mathis*, 136 S. Ct. at 2249. Because the categorical approach is concerned with elements and not the "facts underlying [the] conviction," *Descamps*, 133 S. Ct. at 2285, it is important that courts distinguish between alterative elements—divisible provisions to which the modified categorical approach can be applied—and alternative means for satisfying a single element—indivisible provisions to which it cannot. *Mathis*, 136 S. Ct. at 2253–54. Convictions under an overly broad, indivisible provision are incapable of serving as predicates.

The version of North Carolina General Statute § 14-54 at issue in the instant case is divisible between subsections (a), (a1), and (b) because it lists each of those variants in the disjunctive and juries are required to agree on the type of breaking and entering committed. *See, e.g.*, *United States v. Stark*, 307 F. App'x 935, 940 (6th Cir. 2009) (treating variants of North Carolina breaking and entering under prior version of the provision with nearly identical wording as distinct criminal offenses). The fact that the provision classifies violations of subsections (a) and (a1) as Class H felonies while simultaneously classifying violations of subsection (b) as Class 1 misdemeanors serves as additional evidence of divisibility. *See, e.g.*, *Mathis*, 136 S.Ct. at 2256 ("[S]tatutory alternatives [that] carry different punishments . . . must be elements.").

5

The PSR makes clear, and Petitioner does not dispute, that the breaking and entering offenses used to support his ACCA designation were Class H felonies, i.e., involved violations of North Carolina General Statute § 14-54(a) or (a1) [PSR ¶¶ 38–42; Doc. 79 p. 4; Doc. 84 p. 10].[1]

Petitioner's argument that North Carolina felony breaking and entering cannot operate as an ACCA predicate because the offense is "not punishable by a term of incarceration for more than one year," is foreclosed by the CM/ECF record—which clearly demonstrates that all five of his convictions for the offense resulted in sentences between two and ten years' incarceration.[2] To the extent that Petitioner argues that his convictions under North Carolina General Statute § 14-54(a) cannot serve as predicates because they did not involve violent force, that argument overlooks the fact that both felony variants of the offense satisfy the enumerated-offense clause.

For purposes of § 924(e), the Supreme Court defines "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Binding Sixth Circuit and persuasive Fourth Circuit authority hold that violations of North Carolina General Statute § 14-54(a) and (a1) align with the above definition and, as a result, qualify as violent felonies under the enumerated-offense clause. *See United States v. Maness*, 23 F.3d 1006, 1009 (6th Cir. 1994) (deeming North Carolina felony breaking and entering a generic burglary); *Stark*, 307 F. App'x at 940 (same);

---

[1] Petitioner does not contest the accuracy of the information contained in his PSR, but only the propriety of the Court's decision to use the predicate offenses listed therein as grounds for ACCA enhancement.

[2] This Court agrees that the misdemeanor variant of North Carolina breaking and entering does not constitute a violent felony because the maximum sentence authorized by state law for a Class 1 misdemeanor is a term of 120 days' imprisonment. N.C. Gen. Stat. Ann. § 15A-1340.23; *see also Johnson v. United States*, No. 3:06-cr-185, 2016 WL 3410188, at *3 (W.D.N.C. June 15, 2016) (holding, post-*Johnson*, that misdemeanor breaking and entering is not an ACCA predicate).

*see also United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014) (holding that violations of North Carolina General Statute § 14-54(a) categorically qualify as ACCA predicates under the enumerated-offense clause); *United States v. Bowden*, 975 F.3d 1080, 1084–85 (4th Cir. 1992) (emphasizing that, despite the disjunctive "breaks or enters" language in the statute, "entry of a man who enters without breaking [but] with intent to commit a felony or larceny is neither lawful nor privileged, so it must be within *Taylor*"). Because the *Johnson* decision did not affect the enumerated-offense clause, it cannot serve as a basis for vacating, setting aside, or correcting Petitioner's sentence.[3]

## III. CONCLUSION

For the reasons discussed, Petitioner's successive § 2255 petition [Docs. 79, 84] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

---

[3] In *Mathis*, the Supreme Court held that a prior conviction cannot qualify as a generic form of a predicate violent felony if a locational element of that crime is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former. 136 S. Ct. at 2251–52, 2256–57. Unlike the Iowa statute at issue in *Mathis*, however, the variants of North Carolina breaking and entering at issue here do not contain any "alternate ways of satisfying a single locational element" that fall outside *Taylor*'s definition of generic burglary. Rather, the phrases "dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property" align with generic burglary's elemental requirement that the breaking or entering be of a "building or structure." Thus, similar to *Johnson*, *Mathis* has no impact on the Court's ability to categorize convictions for the felony variants of North Carolina breaking and entering as violent felonies under the enumerated-offense clause.

7

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE